**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 30 2013, 9:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS:

**STEPHEN M. MAISH**
Maish & Mysliwy
Hammond, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN THE MATTER OF THE GUARDIANSHIP OF THE PERSON OF H.M., a Minor Child, ) ) ) | |
| S.M.M. and M.M., Guardians, and S.E.M, Mother, ) | |
| Appellants-Petitioners, ) ) | |
| vs. ) ) | |
| D.L.M., ) ) | |
| Appellee-Respondent. ) ) | |
| and ) ) | No. 45A03-1208-GU-374 |
| IN THE MATTER OF THE PATERNITY OF H.M., a Minor Child, ) ) ) | |
| S.E.M, Mother, ) ) | |
| Appellant-Petitioner, ) ) | |
| vs. ) ) | |
| D.L.M., Father, ) ) | |
| Appellee-Respondent. ) | |

INTERLOCUTORY APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Mary Beth Bonaventura, Judge
The Honorable Jeffrey Miller, Magistrate
Cause Nos. 45D06-1207-GU-97, 45D06-0910-JP-947

April 30, 2013
**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

S.E.M, the mother of H.M., and H.M.'s maternal grandparents, S.M.M. and M.M. ("Grandparents" or "Guardians"), bring this interlocutory appeal of the trial court's temporary order of child support, which ordered D.L.M., H.M.'s father, to pay Guardians $158.88 per week.

We affirm and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

H.M. ("Child") is the child of S.E.M. ("Mother) and was born on October 17, 2007. Mother and Child have lived with Grandparents since Child's birth. On October 5, 2009, Mother filed a petition to establish the paternity of Child in Cause Number 45D06-0910-JP-947 ("JP-947"). The paternity case was assigned to Magistrate John M. Sedia ("Magistrate Sedia"). On April 22, 2010, Mother and D.L.M. ("Father") entered into "Stipulated Order to Establish Paternity of Child, Custody, Visitation, and Child Support" ("Paternity Order") in JP-947. *Appellants' App*. at 16-20. Under JP-947, the trial court awarded custody to Mother, determined that Father was the biological father of Child, required that parenting time with Father be supervised, and required Father to pay child support in the amount of $203.00 per week to Mother.[1] On that same date, Magistrate Sedia issued an "Order to Withhold Income," which ordered Father's employer to withhold from Father's income $203.00 per week and forward that amount to Indiana State Central Collection Unit ("Collection Unit"). *Appellants' App*. at 21.

---

[1] The child support obligation was based on a child support obligation worksheet. We note that while Mother was the only party who signed the child support obligation worksheet, the worksheet was incorporated by reference into the Paternity Order, and that document was executed by both parties. *Appellants' App*. at 17-20.

Following an incident involving Father's physical discipline of Child, which occurred during a supervised visit, the Indiana Department of Child Services ("DCS"), on February 7, 2012, filed a petition alleging that Child was a child in need of services ("CHINS"). This petition was filed under Cause Number 45D06-1202-JC-162 ("JC-162"). The CHINS case (JC-162) was assigned to Magistrate Jeffrey Miller ("Magistrate Miller"). Mother contested the allegation that Child was a CHINS and exercised her right to have a fact-finding hearing prior to any determination.

On March 12, 2012, Father filed a Petition to Abate Support in the Paternity Case for the reason that Child "is currently out of [M]other[']s and [F]ather[']s care and has been deemed a [CHINS]." *Appellants' App*. at 23. On May 8, 2012, Mother and Child filed their responses and objections to the petition to abate support contending that Child was not a CHINS and maintaining that Child had lived with Mother prior to the CHINS allegation and continued to do so thereafter, and that DCS is not providing any support for Child. *Id*. at 26.

The next day, during a hearing scheduled in JP-947, Magistrate Sedia advised the parties that he would not hear the petition to abate child support while the CHINS case was pending without authorization from Magistrate Miller, who was presiding over the CHINS case. Magistrate Sedia's May 9, 2012 order[2] provided: "Court transfers herein paternity matter regarding the issue of abatement or redirecting of support to Courtroom

---

[2] The order in the record before us bears the name of Magistrate Miller. However, a CCS entry in the Paternity Case, dated May 21, 2012, provides: "Comes now the Court and enters a Nunc Pro Tunc to correct entry dated 5-9-12 as it should have had the signature block of Magistrate John Sedia, not Magistrate Jeffrey Miller." *Appellants' App*. at 2.

3

1 for hearing on 6-18-12 @1:00 p.m. to be heard in conjunction with [Child's] CHINS Cause, as said Court has superseding jurisdiction." *Id*. at 28.

Magistrate Miller held a hearing in the CHINS case on June 18, 2012. The transcript of those proceedings is not a part of the record before us. After the hearing, Magistrate Miller entered an order providing: "This Court allows Magistrate Sedia to proceed with any and all hearings *in regards to the issue of support* while the CHINS matter is pending."[3] *Id*. at 29 (emphasis added). No further hearings on the abatement of child support were scheduled by either magistrate. *Appellants' App*. at 2, 7.

On July 3, 2012, Grandparents filed a "Verified Petition for Appointment of Guardian for Minor Child"[4] under Cause Number 45D06-1207-GU-97 ("GU-97"). *Appellants' Br*. at 3. DCS, intending to proceed with the CHINS case, filed a motion for stay of proceedings in the guardianship. Magistrate Miller held a hearing on August 1, 2012, at which time he intended to hold a fact-finding hearing on the CHINS petition and address the guardianship petition. *Tr*. at 5. At the commencement of the hearing, Mother argued that Magistrate Miller should deny DCS's motion to stay the guardianship proceedings because "it's in the [C]hild's better interest to be the subject of a guardianship than it is to be the subject of wardship." *Id*. at 6. Mother explained that the Child had lived with the Grandparents his whole life and that Mother, Father, and the Child's court-appointed special advocate ("CASA") all consented to Grandparents being

---

[3] We note that this order did not transfer jurisdiction of child support issues to Magistrate Sedia, but instead, "*allow[ed]* Magistrate Sedia to proceed with any and all hearings in regards to the issue of support while the CHINS matter is pending." *Appellants' App*. at 29 (emphasis added).

[4] The petition for guardianship is not in the record before us.

appointed as the Child's guardians. Mother also maintained that if the guardianship is granted, there would be no need for the wardship, and the CHINS case could be dismissed. *Id.* at 7. Magistrate Miller agreed to hear the evidence on the issue of guardianship.

Following the introduction of evidence regarding the guardianship, Father made an oral request that Magistrate Miller also enter an order to recalculate support and to redirect the child support payments from Mother to Guardians. Father's counsel noted, "Now[] that this Court has assigned a guardianship, that guardianship order would take precedence over the paternity order at this point." *Id.* at 20. The trial court responded, "Right, so I will, I will address it." *Id.*

Complying with the child support guidelines, Father provided specific numbers to calculate Father's child support and offered as evidence a child support worksheet, which set Father's child support at $158.88. This number was based on: $400.00 of income imputed to Mother, which was based on Mother being capable of full time work at minimum wage and the fact that she lives rent free; Father's income of $600.00 per week minus $124.00 a week for court-ordered child support of Father's three other children; plus one-half of the $180.00 per week for Child's childcare expense since both Guardians work. *Id.* at 17. Mother objected to proceeding with the child support issues because such matters were not set for hearing, and additional time was needed to prepare for the child support hearing. Mother's counsel stated, "So I would ask that you not enter any definitive orders today and, if in fact, you're going to resume jurisdiction over the issues of support, that the guardians have the opportunity to present their own worksheets and

5

information to the Court as it relates as to what the support should be." *Id*. at 18. The trial court determined that there was no hearing date set for child support in the paternity case (JP-947) and concluded that a temporary order under the guardianship case (GU-97) was appropriate. *Id*. at 20-21. The trial court set the child care amount at $158.88 and agreed that the amount was "[s]ubject to further evidence of hearing." *Id*. at 21. At this point, Mother did not object; instead, her counsel stated, "Judge, I would think that there probably is wisdom in entering that as a temporary [sic] and then giving the guardians the opportunity to seek hearing for any other relief for whatever else might be related to the issue of support." *Id*. at 22. The parties clarified that the further proceedings would occur under the paternity case, but would be entered under the cause numbers for both the paternity case (JP-947) and the guardianship case (GU-97). *Id*. at 22.

Following the hearing, Magistrate Miller entered an order appointing Grandparents as co-guardians of the Child. *Appellants' App*. at 11-14. Over DCS's

objection, the trial court dismissed the CHINS Case.[5]  *Id*. at 24.  That same day, the Clerk of the Lake Superior Court, Juvenile Division, issued the Letter of Guardianship over Person of Minor to Guardians.  *Id*. at 15.  In his "Hearing Order," Magistrate Miller also entered a "temporary order of child support in the amount of $158.88 a week as to the father to be paid to the Guardians."  *Id*. at 10.  On September 9, 2012, Mother and the Guardians filed a notice of appeal.  *Id*. at 1.  Guardians and Mother now bring this interlocutory appeal.

## DISCUSSION AND DECISION

Initially, we note that Father chose not to file an appellee's brief.  When an appellee fails to file a brief, we apply a less stringent standard of review.  *McKinney v. McKinney*, 820 N.E.2d 682, 685 (Ind. Ct. App. 2005).  We are under no obligation to undertake the burden of developing an argument for the appellee.  *Deckard v. Deckard*, 841 N.E.2d 194, 199 (Ind. Ct. App. 2006).  We may, therefore, reverse the trial court if the appellant establishes prima facie error.  *Id*.  "Prima facie" is defined as "at first sight, on first appearance, or on the face of it."  *Id*.

Mother and Guardians appeal the temporary child support order that was entered by the trial court on August 1, 2012, which reads in pertinent part as follows:  "Court

---

[5] In dismissing the CHINS Case, Magistrate Miller clarified:

I have made no determination whether or not . . . a CHINS petition was needed in this matter or not.  The only thing that the Court is determining that in the best interest of the [C]hild at this time, the guardianship petition that has been brought to the Court would be, uh, in the best interest of the [C]hild at this time.  So I've made no rulings in regards to your CHINS petition and that should be noted for the Record."  *Tr*. at 25.

7

enters a temporary order of child support in the amount of $158.88 a week as to the father to be paid to the Guardians—[S.M.M. and M.M.]." *Appellants' App.* at 10.

Numerous factors cloud the posture of this appeal. Initially, Child has been the subject of three separate actions—a paternity case (JP-947), a CHINS case (JC-162), and the guardianship case (GU-97). Two magistrates, Magistrate Miller and Magistrate Sedia, have presided over the three cases and have valiantly tried to coordinate their rulings through judicial orders. Magistrate Sedia transferred to Magistrate Miller's court the "paternity matter regarding the issue of abatement or redirecting of support to Courtroom 1 for hearing on 6-18-12 @1:00 p.m. to be heard in conjunction with [Child's] CHINS Cause, as said Court has superseding jurisdiction." *Tr.* at 28. The record contains no transcript of the June 18, 2012 hearing. Following that hearing, Magistrate Miller did not transfer sole jurisdiction over the child support issues to Magistrate Sedia, but instead, "*allow[ed]* Magistrate Sedia to proceed with any and all hearings in regards to the issue of support while the CHINS matter is pending." *Appellants' App.* at 29 (emphasis added). This, in essence, gave both magistrates jurisdiction to address child support issues. Additionally, instead of Magistrate Miller hearing the CHINS case on August 1, 2012, the trial court heard only the petition for guardianship and dismissed the CHINS case.

Magistrate Miller proposed that temporary child support in the amount of $158.88 per week be paid to the Guardians; this was a change from the prior child support order that ordered Father to pay Mother $203.00 per week. During the guardianship hearing, Mother's attorney stated, "I would think that there probably is wisdom in entering that as

8

a temporary order and then giving the guardians the opportunity to seek a hearing for other relief for whatever else might be related to the issue of support." *Tr*. at 22. The parties clarified that any further proceedings would occur under the paternity case, but would be entered under the cause numbers for both the paternity case (JP-947) and the guardianship case (GU-97). *Id*. The Guardians were present at the hearing, voiced no objection to the trial court's consideration of the temporary support issue, and offered no evidence related to the issue.[6]

Mother and Guardians have failed on appeal to make any showing of entitlement to relief. Guardians made no objection to, and offered no evidence on, the support issue, and Mother through her counsel specifically acknowledged the "wisdom" of the trial court entering a temporary support order. Accordingly, we affirm the trial court's temporary order of support and remand it with the instructions that the trial court unify this case within the court of one magistrate to clarify Father's child support obligation pursuant to a completed and signed child support obligation worksheet and issue the orders it deems appropriate. This will allow the trial court to enter a unified order that will preserve the parties' rights should they wish to appeal following the final order.

Affirmed and remanded with instructions.

VAIDIK, J., and PYLE, J., concur.

---

[6] We note that counsel for Mother stated that the Guardians were not prepared to address the issue of support, but the Guardians themselves made no objection.